IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>TOYE TUTIS,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Criminal No. 14-699-01 (JBS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SIMANDLE, Chief Judge:**

This matter came before the Court at a hearing on April 26, 2017 pertaining to procedural matters in connection with the motion of Defendant Tutis for withdrawal of his guilty plea [Docket Item 443], as outlined in the Court's letter of April 24, 2017 [Docket Item 455]. The principal issue is the scope of discovery sought by the Government of materials that would otherwise be privileged attorney-client communications or defense attorney work product, in a situation where the defendant seeks to withdraw his plea of guilty claiming he relied upon advice of counsel that was allegedly incorrect. The Court will also address the scope of reciprocal discovery to be provided by the Government in preparation for this hearing and in recognition of the fact that the Government has requested and will receive pre-hearing disclosures from Defendant Tutis and counsel.

The Court heard arguments of counsel (AUSA Howard Wiener and AUSA Diana Carrig for the United States; Stanley King, Esq. for Defendant Toye Tutis; and Troy Archie, Esq. for Defendant Jazmin Vega); in the presence of Defendant Tutis, Defendant Vega, and Mr. J. Michael Farrell, former counsel for Defendant Tutis.

The Court also heard the testimony of Defendant Tutis acknowledging his partial waiver of attorney-client privilege, as well as the statements of J. Michael Farrell pertaining to his amenability to provide disclosures of information related to plea negotiations on behalf of Defendant Tutis and of related attorney work product, as described herein below.

The Court finds:

1. Defendant Tutis entered a plea of guilty on November 1, 2016, while represented by Mr. Farrell [Docket Item 396]. The written plea agreement was entered upon the record [Docket Item 398]. A lengthy and detailed colloquy took place on November 1, 2016, among the Court, counsel, and Defendant Tutis, consisting of 53 pages. [See Transcript 11/1/16 at Docket Item 429.]

2. For reasons unrelated to conduct in this case, the Court temporarily disqualified Mr. Farrell from further participation as attorney for Defendant Tutis on February 3, 2017 [Docket Item 432] which was rendered a permanent

disqualification following a hearing on February 14, 2017 [Docket Item 434]. Mr. King, who had been appointed standby counsel at a hearing on January 11, 2017 [Docket Items 426 & 428], was appointed full counsel for Mr. Tutis on February 3, 2017 [Docket Item 432].

3. On March 15, 2017, Mr. King filed on behalf of Defendant Tutis a motion to withdraw Mr. Tutis' plea of guilty [Docket Item 443], which was supplemented by Mr. King's reply brief on April 19, 2017 [Docket Item 452], accompanied by the certifications of J. Michael Farrell and Troy Archie, Esq. [Docket Item 452-2 & 452-3]. Mr. Archie represents co-defendant Jazmin Vega who is the spouse or long-time companion of Mr. Tutis.

4. In essence, Defendant Tutis seeks to withdraw his guilty plea based on his alleged reliance on Mr. Farrell's and Mr. Archie's mistaken impressions that this was a packaged plea agreement -- that is, that Tutis believed that Co-Defendant Jazmin Vega would be permitted to plead guilty only if Tutis also pled guilty. The above certifications of Mr. Farrell and Mr. Archie take the position that they too had the impression on or about November 1, 2016, that both Defendants' plea agreements were coupled (or "packaged," see Farrell Cert. at ¶ 4 and Archie Cert. at ¶¶ 5, 5[sic] & 6). Both Mr. Farrell and Mr. Archie have asserted that they did not tell their respective clients,

3

Mr. Tutis and Ms. Vega, that the plea was "unpackaged" (see Farrell Cert. at ¶ 9, and Archie's Cert. at ¶ 15) because they were unaware that the Government had dropped its insistence upon a package (id.) and that they were unaware that in the final written plea agreement dated November 1, 2016, there was no language coupling or packaging the two pleas or making them somehow dependent upon each other. (Id.)

5. All parties agree that by asserting his reliance upon advice of counsel regarding these plea negotiations and the nature of the plea agreement, Defendant Tutis has waived his attorney-client privilege within the scope of such reliance, as defined below. Mr. Tutis likewise acknowledged in his testimony at the hearing that he has knowingly and voluntarily waived his attorney-client privilege within this scope. Thus, Mr. Farrell may be examined as to his understanding of the plea agreement and his communications with his client, Defendant Tutis, within this scope of waiver defined below.

6. All parties further agreed at the hearing that Jazmin Vega consents to the waiver of her attorney-client privilege within the scope of Mr. Archie's discussions with her and Mr. Tutis and Mr. Farrell pertaining to the plea negotiations and his understanding of the nature of the November 1, 2016 plea agreement. Mr. Archie may be examined accordingly within this scope of waiver, defined below.

7. Further, Mr. Archie and Mr. Farrell, by supplying the Certifications upon this subject, have waived their attorney work product protection for documents, communications, and mental impressions within this scope of waiver. Mr. Archie and Mr. Farrell have agreed that they may be required to disclose their work product within this scope of waiver, defined below.

8. The Court has found good cause to grant in part the Government's request in AUSA Wiener's letter of April 24, 2017 [Docket Item 453] for pre-hearing interviews of Mr. Farrell and Mr. Archie within this limited scope. Mr. Farrell and Mr. Archie have both agreed to participate in such interviews without necessity of subpoena at a time mutually convenient to all concerned, including Mr. King who is permitted to attend such interviews.

9. The Court also finds good cause to require Defendant Tutis, through Mr. King, to turn over to the Government documents pertaining to communications and records within the scope of waiver that are in possession of Mr. King (who received many boxes of defense files from Mr. Farrell when Mr. Farrell was disqualified), Mr. Farrell, and Mr. Archie, as directed below, on or before May 3, 2017, unless extended for good cause shown. If Mr. King is unsure whether a particular document or communication lies within or outside the scope of waiver of

privilege or work product protection, then he may promptly submit same to the Court in camera inspection and guidance.

10. Mr. Archie is requested to search his records, including electronically stored information, within the scope of waiver, and supply same to Mr. King. Mr. Farrell is requested to inspect his electronically stored information (including iPhone and internet accounts) solely in the presence of Mr. King and provide copies of all such documents and communications (including text messages and emails) that lie within the scope of waiver, defined below. Mr. King may also use Mr. Farrell's assistance in searching the defense files in Mr. King's possession.

11. "Scope of Waiver." The Court defines the "scope of waiver" as:

> "All documents and communications with clients or other counsel during the period October 17, 2016 through November 1, 2016, relating to the negotiation, understanding, and acceptance of Mr. Tutis' November 1, 2016 plea agreement, with respect to whether the plea agreement of Mr. Tutis was or was not packaged with the plea agreement of Ms. Vega."

12. Reciprocal Disclosures. Defendant Tutis' request to interview AUSAs Wiener, Carrig, and/or Jonathan Peck is denied. At the hearing, the Court granted the Government until May 1, 2017 to indicate whether it objects to the Defendant's request to produce any documents or electronically stored information

relating to the Government's decision or intent to package or unpackage Mr. Tutis' plea from Ms. Vega's plea agreement during the period of October 17, 2016 through November 1, 2016.  In the absence of objection, the Government may submit such materials to the Court for <u>in camera</u> inspection if desired (and the Government may redact information not within the above limited scope) not later than <u>May 3, 2017</u>.  The Government shall produce to Defendant Tutis, in any event, discovery akin to <u>Brady</u> materials, consisting of any information within its possession arising during the relevant period of October 17, 2016 through November 1, 2016, tending to support the assertion of Defendant Tutis that his plea agreement of November 1, 2016 remained packaged with Defendant Vega's plea agreement, not later than <u>May 3, 2017</u>.

    13.   Nothing herein requires a party or attorney to produce information that is already available upon the public docket of this case.

    14.   The Government, after receiving these required disclosures and conducting the interviews of Mr. Archie and Mr. Farrell may submit a sur-reply brief not later than <u>June 19, 2017</u>, and the **<u>hearing</u>** upon Defendant Tutis' Rule 11(d) motion to withdraw his plea of guilty will be convened on **<u>June 21, 2017 at 10:00 A.M.</u>**  Furthermore, the Court will convene a **<u>telephone conference</u>** with counsel on **Tuesday, June 20, 2017 at 2:30 P.M.**

to discuss logistics for the hearing, which the U.S. Attorney's Office is requested to arrange.

WHEREFORE, IT IS this __28th__ day of **April, 2017**, hereby **SO ORDERED**.

                                               **s/ Jerome B. Simandle**
                                               JEROME B. SIMANDLE
                                               Chief U.S. District Judge