**[Dkt. Nos. 618, 621, 624, 632, 635, 635-1, 638, 670 and 672]**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. No. 14-699-01 (RMB) |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| TOYE TUTIS | : | |

This matter comes before the Court upon several pro se motions filed by the Defendant, Toye Tutis.[1]  For the following reasons,

IT IS on this **28th** day of **July 2020 ORDERED** as follows:

First, Defendant Tutis has filed a Motion to Recuse [Dkt. No. 670].  His basis for recusal is that this Court has either failed to issue rulings or is "ignoring rulings and orders, of her predecessor - Jerome Simandle." [Dkt. No. 670, at 2].  This is not a proper basis for recusal.  See Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Moreover, Defendant Tutis alleges that this Court has had ex parte communications with the Assistant United States Attorney Diana Carrig and, thus, has shown favoritism to the Government.

---

[1] Defendant seeks to proceed pro se and asks this Court to terminate Stanley King, Esq. as his counsel.  [Dkt. No. 638]. That motion is GRANTED.

It is unclear exactly what the Defendant is alleging but this Court has not had ex parte communications with AUSA Carrig. This motion is DENIED.

Second, Defendant has filed two Motions For An Entry Of An Order Directing The Government To Make An Immediate Return Of All Items Of Property Identified In The Rule 41(g) Motion. [Dkt. Nos. 618, 624, 635-1, and 672]. These Motions are DISMISSED without prejudice and may be refiled after the pending appeal is adjudicated. (Defendant admits that the Government may retain his property because of "needing them for the continued prosecution of the defendant and his wife," Docket No. 635-1).

Third, Defendant Tutis has filed a Motion for an Order Directing Defense Counsel – Former Dennis J. Cogan, to Return Defendant's $150,000 [Dkt. No. 621] and a Motion for an Entry of Default for Mr. Cogan's Failure to Respond. {Dkt. No. 632]. The Defendant gives no legal basis for this Court's jurisdiction to do so other than its "inherent authority" or factual basis to do so assuming the Court has jurisdiction other than he alleges Mr. Cogan lacked a license to practice in New Jersey. Mr. Cogan has filed a response; this Court has no jurisdiction in this criminal matter to hear the parties' dispute. The Court agrees. This matter is therefore DENIED without prejudice.

Fourth, Defendant has filed a Motion to Stay the Sales of Properties.  [Dkt. No. 616] and for removal of Lis Pendens [Dkt. No. 617].  The Government shall advise the Court as to the status of these properties within ten days of this Order.  To the extent these properties have been sold, such motions will be denied as moot; and

Fifth, Defendant has filed a Motion for a New Trial [Dkt. No. 640].  The Government shall file a response within 14 days.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge
