IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 14-699-1 (RMB) |
| TOYE TUTIS, | **OPINION** |
| Defendant. | |

**APPEARANCES**
Diana V. Carrig
Howard Joshua Wiener
Office of the U.S. Attorney
District of New Jersey
401 Market Street
4th Floor
Camden, New Jersey 08101

    *On behalf of Plaintiff*

James Brendan Day
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

    *On behalf of Plaintiff*

Jonathan Michael Peck
Peter W. Gaeta
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
7th Floor
Newark, New Jersey 07102

    *On behalf of Plaintiff*

Toye Tutis
67059-050
FCI-Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

    *Pro se*

Martin I. Isenberg
High Ridge Commons
200 Haddonfield-Berlin Road
Suite 200
Gibbsboro, New Jersey 08026

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon the following motions, all of which were filed either by Defendant Toye Tutis or on his behalf: the Motion for a New Trial [Docket No. 640]; the Motions to Strike [Docket No. 695, 744]; the Motion to Appoint Counsel [Docket No. 718]; the Motion for Reconsideration [Docket No. 754] of the Court's February 8, 2021, Order administratively terminating Plaintiff's Motion for Reduction of Sentence [Docket No. 746]; the Motion for Expansion of Record [Docket No. 806]; the Motion to Amend/Correct the Request for

2

Compassionate Release [Docket No. 816]; the Supplemental Motion for Reduction of Sentence [Docket No. 829]; the Motion for Reduction of Sentence [Docket No. 831]; and the Motion to Schedule a Contempt of Court Hearing [Docket No. 834].

**I.     ANALYSIS**

    **A.     Motion for a New Trial [Docket No. 640]**

Defendant filed a Federal Rules of Criminal Procedure Rule 33(b) Motion for a New Trial on January 27, 2020. [Docket No. 640.] This Motion included allegations that Assistant United States Attorney Diana Carrig had improperly accessed privileged information regarding Defendant's case. [*See id.*] Out of an abundance of caution, and in order to obviate the need to address Defendant's allegations, the Court ordered the United States Attorney's Office to "assign this matter to another non-Camden Assistant United States Attorney **solely** for the purpose of responding to" Defendant's Motion for a New Trial. [Docket No. 820.] Prior to that Order, the Government had opposed Defendant's Motion. [Docket Nos. 689, 777.] Thereafter, AUSA James Day was assigned to the case and filed another opposition brief. [Docket No. 826.]

The Court will deny this Motion for three independent reasons. First of all, Defendant never had a trial; rather, he pled guilty on November 1, 2016. [Docket No. 398.] Defendant moved to withdraw that plea, [Docket No. 443], but the late Honorable Jerome B. Simandle denied his Motion on November 13, 2018, [Docket Nos. 556, 557]. "By its express terms, Rule 33 is confined to those situations in which a trial has been had." *United States v. Miller*, 197 F.3d 644, 648 n.3 (3d Cir.

3

1999) (quoting *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995)); *see also Wedderburn v. United States*, Crim. A. No. 12-17, 2016 U.S. Dist. LEXIS 146672, at *4 (D. Del. Oct. 24, 2016) ("A Rule 33 motion is limited to those situations where a trial has been held, and is not available when the defendant pled guilty." (citing *Miller*, 197 F.3d at 648 n.3)); *United States v. Podsada*, Crim. No. 03-495, 2006 U.S. Dist. LEXIS 58268, at *5–6 (D.N.J. Aug. 16, 2006) (Wolfson, D.J.) ("It is well-established that the use of Rule 33 is confined to those situations in which a trial has occurred."). Because Defendant pled guilty in this case, he is not entitled to relief under Rule 33(b), and his Motion will be denied.

Second, Defendant's Motion is untimely. Rule 33 requires that the defendant file his motion "within 3 years of after the verdict or finding of guilty" where the motion is "grounded on newly discovered evidence" or "within 14 days after the verdict or finding of guilty" where the motion is "grounded on any reason other than newly discovered evidence." FED. R. CRIM. P. 33(b). Here, Defendant filed his Rule 33 Motion on January 27, 2020, which is more than three years after November 1, 2016—the day he pled guilty. Therefore, Defendant's Motion will be denied as untimely.

Finally, Defendant's Motion is meritless, even if it were properly and timely filed. Defendant's remaining argument in his Motion is that the U.S. Attorney's Office in Camden, New Jersey, received a package with confidential materials related to Defendant's case that was intended for Defendant's wife and co-defendant, Jazmin Vega. [*See* Docket No. 640.] However, Defendant concedes in his Motion

4

that this occurred "[f]ollowing his sentencing hearing on May 1, 2019." [*Id.* at 2.] It is impossible that this allegation could have in any way affected Defendant's non-existent trial, his plea agreement, or his sentencing, since it happened after each of those things had occurred. Therefore, Defendant's Motion will be denied on the merits, as well.[1]

### B. Motions to Strike [Docket No. 695, 744]

On September 1, 2020, Defendant filed a Motion to Strike, which sought that "the [C]ourt . . . strike, or . . . suspend and hold in abeyance, any and all motions or responsive pleadings filed by [t]he United States Attorney's Office for the District of New Jersey, until there has been a ruling on [D]efendant's 'Rule 33(b) Motion for a New Trial.'" [Docket No. 695, at 1.] Because the Court will deny Defendant's Motion for a New Trial, it will also dismiss as moot his first Motion to Strike [Docket No. 695].

Similarly, Defendant's January 29, 2021, Motion to Strike [Docket No. 744] will be denied as moot. That Motion also sought that Government filings be stricken pending a ruling from the Court on Defendant's Motion to Disqualify [Docket No. 699] and his Motion for a New Trial [Docket No. 695]. The Court resolved Defendant's Motion to Disqualify on November 1, 2021. [Docket No. 820.] It will resolve his Motion for a New Trial in this Opinion's accompanying Order.

---

[1] This Court and the Third Circuit already rejected Defendant's other arguments in this Motion. [*See* Docket Nos. 788-1, 820.]

Therefore, the Court will also dismiss as moot his second Motion to Strike [Docket No. 744].

      C.    **Motion to Appoint Counsel [Docket No. 718]**

In his December 1, 2020, Motion, Defendant sought "a reduction in his sentence by ordering his immediate release" or, "alternatively," that the Court "appoint counsel." [Docket No. 718, at 3.] The Court appointed Martin Isenberg as Counsel with respect to Defendant's Motion for Compassionate Release on June 16, 2020. [Docket Nos. 801, 804.] Therefore, Defendant's Motion will be dismissed as moot.

      D.    **Motion for Reconsideration [Docket No. 754]**

On February 23, 2021, Defendant filed a Motion for Reconsideration [Docket No. 754] of the Court's February 8, 2021, Order administratively terminating Defendant's Motion for Reduction of Sentence [Docket No. 746]. Defendant's Motion for Reduction of Sentence relies on the same arguments that he has set forth in his counselled Motion for Compassionate Release and his related *pro se* filings. [*See* Docket Nos. 816, 829, 831.] Because the Court will address those issues when it addresses the Motion for Compassionate Release, [*see infra*], Defendant's Motion for Reconsideration will be dismissed as moot.

      E.    **Motion for Compassionate Release [Docket Nos. 806, 816, 829, 831]**

Defendant has filed several Motions related to his Motion for Compassionate Release. [Docket Nos. 806, 816, 829, 831.] Most recently, Counsel Isenberg—who

was appointed to represent Defendant with respect to his Motion for Reduction of Sentence/Motion for Compassionate Release—filed a Motion for Compassionate Release. [Docket No. 831.] Although the Government has repeatedly opposed Defendant's arguments regarding such a motion, the Court will request that the Government respond to Defendant's counselled Motion. Therefore, Defendant's Motions regarding Compassionate Release will be held in abeyance pending the Government's response.

F. **Motion to Schedule a Contempt of Court Hearing [Docket No. 834]**

Defendant's latest Motion seeks a contempt hearing because he alleges that the Government has failed to return certain property to him despite the fact that "this Court[] and the Government[] have both agreed that [Defendant] is entitled to the immediate return of . . . two motor vehicles." [*See* Docket No. 834.] The Court will order the Government to respond to this Motion. Therefore, the Motion will be held in abeyance pending the Government's response.

II. **CONCLUSION**

For the reasons expressed herein, the Court will deny Defendant's Motion for a New Trial [Docket No. 640]; dismiss as moot his Motions to Strike [Docket Nos. 695, 744]; dismiss as moot his Motion to Appoint Counsel [Docket No. 718]; and dismiss as moot his Motion for Reconsideration [Docket No. 754]. The Court will order briefing from the Government regarding (1) Defendant's counselled Motion for Compassionate Release and related filings [Docket Nos. 806, 816, 829, 831] and (2) Defendant's Motion to Schedule a Contempt of Court Hearing [Docket No. 834].

Again, out of an abundance of caution, and to obviate the need to address Defendant's allegations that AUSA Carrig improperly accessed privileged information regarding Defendant's case, the Court will require a non-Camden AUSA to draft and file the Government's response(s), without any input from AUSA Carrig. An accompanying Order shall issue.

<u>May 4, 2022</u>                                                        <u>s/Renée Marie Bumb</u>
Date                                                                              Renée Marie Bumb
                                                                                      United States District Judge