**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1796
_____

UNITED STATES OF AMERICA

v.

TOYE TUTIS, a/k/a "AHMAD", a/k/a "MAHD", a/k/a "SANTANA",
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:14-cr-00699-001)
District Judge: Honorable Renee M. Bumb
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on July 6, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: August 4, 2023)
_____

_____

OPINION[*]

_____

PER CURIAM

Appellant Toye Tutis appeals from the District Court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a timely motion for summary affirmance and Tutis has responded in opposition. For the following reasons, we will grant the Government's motion and summarily affirm.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In 2016, Tutis pleaded guilty to drug trafficking conspiracy and money laundering conspiracy, and we affirmed his judgment of sentence. See United States v. Tutis, 845 F. App'x 122 (3d Cir. 2021) (not precedential).

Beginning in June 2020, Tutis began filing numerous motions and amendments seeking compassionate release under § 3582(c)(1)(A). In June 2021, Tutis was appointed counsel who thereafter filed a formal compassionate release motion and brief. Tutis has also filed several supplemental filings. Together, Tutis argues that "the combination of [his] health problems, BOP's failure to provide adequate medical treatment for those issues, his obesity, and the changes made to the drug offense sentences" demonstrate extraordinary and compelling reasons justifying compassionate release. See Dkt No. 816, at 7. On April 12, 2023, the District Court denied his motion. Dkt Nos. 854 & 855. The

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

District Court concluded that Tutis had not demonstrated extraordinary and compelling reasons for compassionate release, and in any event, compassionate release was not warranted based on a weighing of the § 3553(a) factors. Tutis appealed and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including a determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We agree with the Government that the appeal does not present a substantial question because the District Court did not abuse its discretion in denying Tutis' § 3582 motion.

Under § 3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." Before it may grant release or modification, however, the court must consider the sentencing factors under 18 U.S.C. § 3553(a) "to the extent they are applicable." Id. § 3582(c)(1)(A).

In determining that Tutis had not established extraordinary and compelling reasons, the District Court reasonably relied on the "[l]ow and stable numbers of infected inmates and staff at Gilmer FCI" and his continued refusal to be vaccinated against COVID-19.

3

See, e.g., United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"). While the Court acknowledged that extreme obesity places individuals at an increased risk of severe illness should they contract COVID-19, we cannot conclude that the District Court abused its discretion in finding that the circumstances, taken together, failed to amount to extraordinary and compelling reasons for release. Although not specifically discussed by the District Court, Tutis's arguments regarding "changes in drug offense sentences" also fails to establish extraordinary and compelling reasons for release, since his conviction and sentence were valid under controlling law at the time and being required to serve a valid sentence is not extraordinary and compelling. See United States v. Andrews, 12 F.4th 255, 260–61 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."). Finally, Tutis's general concerns, including the prolonged prison lockdown and absence of privileges afforded inmates, are insufficient to constitute extraordinary and compelling reasons justifying release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot justify compassionate release").

In any event, even if Tutis had shown an extraordinary and compelling reason, there is no indication that the District Court "committed a clear error of judgment" in its analysis of the sentencing factors under § 3553(a). Cf. United States v. Tinker, 14 F.4th 1234, 1238–39 (11th Cir. 2021) (per curiam) (holding that courts may assume extraordinary and

compelling reasons and deny release based on the § 3553(a) factors alone).  The District Court clearly addressed several of the relevant factors—including the nature and circumstances of the offense, Tutis's history and characteristics, the need for deterrence, the need to protect the public, and Tutis's sentencing range—that strongly weighed against compassionate release.  For instance, the District Court relied on the seriousness of Tutis's offense and the fact that he is a "career offender and lifelong drug dealer."  Dkt No. 854, at 7.  Additionally, the Court noted that Tutis had already received a downward variance from the guidelines and had only served less than half of his sentence, so compassionate release would "undermine the intended purpose of deterring such conduct and criminal behavior."  Id.

      Accordingly, we grant the Government's motion for summary action and will affirm the District Court's judgment.